JUSTICE NELSON,
concurring.
¶24 I join the Court’s Opinion for two reasons. First, I agree that, here, the District Court went one step too far. Instead of simply directing DNRC to get its act together and make a decision-which would have been completely appropriate in this caseThe court directed DNRC how to rule. Second, while mandamus is an equitable remedy, and while the naked equities in this case clearly favor Bostwick, we would be setting an intolerable precedent if we permitted the district courts to direct what is, at bottom, a discretionary agency decision. Though DNRC more than deserves the decision it got from the District Court in this case, hopelessly muddling our mandamus caselaw is too high a price to pay for affirming the court’s decision.
¶25 That said, however, I would be remiss in failing to compliment the District Court Judge for his thorough, well-researched, and well-written decision. Had I been in his shoes, I would likely have entered substantially the same findings of fact and conclusions of law, given the strict requirements of the statutory scheme and the record of DNRC’s general mishandling of Bostwick’s application. I sympathize, also, with Bostwick in its obvious and understandable frustration. Justice Rice’s comments hit the nail on the head. See Concurrence, ¶¶ 28-30, infra.
¶26 Finally, DNRC began its oral argument on appeal by repining that its permitting program was fin shambles” because of the District Court’s decision in this case. To the extent that is true, the District Court is not to blame. I do not doubt that DNRC is overworked, understaffed, and underfunded. The agency can thank the executive and legislative branches of government for that. The courts do not levy taxes or appropriate money. I also agree with DNRC’s explicit and implicit observations that the statutory scheme for permitting is, in many instances, unrealistic, confusing, and contradictory. Again, DNRC can, for the most part, thank the Legislature. The courts do not write statutes. However, at least some of this confusion and contradiction in the law has been caused by DNRC itself in its zeal to have the Legislature statutorily overturn this Court’s decisions. See Confederated Salish and Kootenai Tribes v. Clinch, 2007 MT 63, ¶¶ 66, 126, 336 Mont. 302, 158 P.3d 377 (Nelson, J., dissenting).
¶27 I understand and appreciate the District Court’s decision, but I *37 concur in ours.